## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| DENNIS G. NASH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:25-cv-355 (MTT) |
| ) | |
| AMERICANS WITH DISABILITIES, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Pro se plaintiff Dennis Nash filed this action against "Americans with Disabilities," "Unagressionally Americans," and "4 Rerighting Am Rights." ECF 1 at 1. Nash simultaneously moved to proceed *in forma pauperis* (IFP). ECF 2. As discussed below, Nash satisfies the requirements of poverty, and his motion to proceed IFP (ECF 2) is **GRANTED**. Along with granting Nash IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e). After screening, the Court concludes that Nash's complaint is deficient. Accordingly, within twenty-one days of the entry of this order Nash is **ORDERED TO AMEND** his complaint as stated in this order. Failure to fully and timely comply with this order may result in the dismissal of this action.[1]

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch.* Dist., 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

## I. DISCUSSION[2]

### A. Financial Status

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, Nash's financial affidavit states that he is unemployed with an average monthly income of $0.00. ECF 2. Accordingly, having read and considered Nash's financial affidavit, the Court finds that Nash is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (ECF 2) is **GRANTED**.

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Frivolity Review**

Along with granting Nash IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Nash purports to bring claims against "Americans with Disabilities," "Unagressionally Americans," and "4 Rerighting Am Rights." ECF 1 at 1. However, he provides no information for the named defendants. *Id*. at 1-2. And his complaint is devoid of factual allegations. In the "statement of claims" section of his complaint, Nash writes "[The doctrines of Machiavelli state; anytime you attempt to explain, things only get worse. Because explaining only makes one weaker!" *Id*. at 4. Thus, he fails to state a claim.

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

Given Nash's pro se status, however, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). The Court will not look back to the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Nash must link any claims he makes to the named defendants. If Nash fails to link the named defendants to a claim, the claim will be dismissed; if Nash makes no allegations in the body of his complaint against the named defendants, those defendants will be removed from the action and dismissed. Nash must provide enough facts to plausibly demonstrate that the defendants' actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Nash list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did the defendants do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Nash injured as a result of the defendants actions?

## II. CONCLUSION

For the foregoing reasons, Nash's motion to proceed IFP (ECF 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e), Nash is **ORDERED TO AMEND** his complaint as

4

stated in this order within twenty-one days of the entry of this order. Failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 17th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
