IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DENNIS G. NASH, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-355 (MTT) |
| AMERICANS WITH DISABILITIES, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Pro se plaintiff Dennis Nash filed this action against "Americans with Disabilities," "Unagressionally Americans," and "4 Rerighting Am Rights." ECF 1 at 1. He also moved to proceed *in forma pauperis* ("IFP"). ECF 2. The Court granted Nash IFP status, but because Nash's complaint was lacking, the Court ordered him to amend his complaint before it conducted a frivolity review pursuant to 28 U.S.C. § 1915. ECF 5. Nash filed his amended complaint on October 8, 2025. ECF 4. For the following reasons, Nash's amended complaint (ECF 4) is **DISMISSED**.

### I. STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions. 28 U.S.C. § 1915. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). The Court shall dismiss the case if it determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief

may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) [for failure to state a claim] is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Nash is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

## II. DISCUSSION

As best the Court can tell, Nash purports to be suing the "ADA" based on his difficulties obtaining "reasonable accommodation." ECF 4 at 1. He alleges that he is "handicapped" because he is blind in his left eye and has been homeless and sleeping on the sidewalks since July 15, 2024. *Id.* at 1, 3, 10. Nash references a state court case

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

in Bibb County, No. 23-SCCR-451642 (*id*. at 2, 4), but the Court is not clear what the posture—or relevance—of this case is. Nash alleges that he previously requested services with the Metropolitan Housing Authority and tried to obtain continuing education information at the Board of Education, and neither provided aid. *Id*. at 5.

The Court finds that Nash's amended complaint fails to state a claim upon which relief may be granted. Much like his original complaint, Nash fails to make factual allegations against any named defendant and fails to link claims to any named defendant. The only named defendant is the "ADA." *Id.* at 1. The Americans with Disabilities Act is a federal law, not an entity capable of being sued. If Nash is referring to another "ADA," he makes no factual allegations against it.

Accordingly, Nash's amended complaint (ECF 4) is **DISMISSED.**

**SO ORDERED**, this 26th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT